IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JAMES JOSEPH FLANAGAN,**          :
                                    :
              **Plaintiff**          :          **CIVIL NO. 1:CV-06-0015**
                                    :
         **v.**                      :          **(Judge Rambo)**
                                    :
**SECRETARY BEARD,** *et al.*,       :
                                    :
              **Defendants**         :

**MEMORANDUM and ORDER**

## I.     Introduction

Plaintiff, James Joseph Flanagan, an inmate at the State Correctional Institution

in Coal Township ("SCI-Coal"), Pennsylvania, commenced this action *pro se* with a

civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff

claims that he was injured at SCI-Coal when his wheelchair hit a rock and he was

thrown to the sidewalk.  By order dated July 11, 2006 (Doc. 21), this court denied

Plaintiff's first motion for appointment of counsel.  Pending before the court is

Plaintiff's second motion for appointment of counsel (Doc. 48).  For the reasons that

follow, the motion will be denied.

## II.    Discussion

Although litigants have no constitutional or statutory rights to appointment of

counsel in a civil case, the court does have broad discretionary power to appoint

counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498

(3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also*

*Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  In *Tabron*, the Third

Circuit Court of Appeals developed a list of criteria to aid the district courts in

weighing the appointment of counsel for indigent civil litigants.  As a threshold

matter, a district court must assess whether the claimant's case has some arguable

merit in fact and law.  *Tabron,* 6 F.3d at 155.

If a claimant overcomes this threshold hurdle, the Third Circuit Court of

Appeals identified a number of factors that a court should consider when assessing a

claimant's request for counsel.  These include (1) the plaintiff's ability to present his

own case, (2) the difficulty of the particular legal issues, (3) the degree to which

factual investigation will be necessary and the ability of the plaintiff to pursue

investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the

extent to which a case is likely to turn on credibility determinations, and (6) whether

the case will require testimony from expert witnesses.  *Id.* at 155-57.  Furthermore,

the appointment of counsel for an indigent litigant should be made when

circumstances indicate "the likelihood of substantial prejudice to him resulting, for

example, from his probable inability without such assistance to present the facts and

2

legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments. Although Plaintiff is financially unable to retain counsel, which would weigh in favor of appointing counsel, Plaintiff has set forth his complaint in typewritten, plain, and concise statements. Notwithstanding Plaintiff's assertion to the contrary, the legal issues are relatively uncomplicated, investigation does not appear to be beyond the ability of Plaintiff, expert testimony is not likely to be required, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own. Furthermore, this court's liberal construction of *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 519 (1972), weighs against the appointment of counsel.

Therefore, Plaintiff's motion for appointment of counsel will be denied. In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative, or upon a properly filed motion by the Plaintiff.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Plaintiff's second motion for appointment of counsel (Doc. 48) is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative, or upon a motion properly filed by the Plaintiff.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  January 30, 2007.

4